**EDWARD HUNKIN, Plaintiff**

v.

**PIO of Fagatogo, Defendant**

## No. 18-1945

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Mailo" of Fagatogo]

June 2, 1947

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and ATAFUA, *District Judge.*

DECISION

Heard at Fagatogo May 21, 1947.
Counsel for Edward Hunkin, Save; for Pio, Eti.

MORROW, *Chief Justice.*

On November 20, 1945 Pio filed his application with the Registrar of Titles to have his name registered as the holder of the matai name Mailo. On December 6, 1945 Edward Hunkin filed an objection to such proposed registration and became a candidate for the name.

Hunkin was in the continental United States at that time, having been retired as a Naval Warrant Officer on September 22, 1945 at Cape May, New Jersey. His wife was with him there. Upon his retirement, he took a civil service position in the United States and did not return to American Samoa until April 2, 1947. His delay in returning was occasioned in part by a shortage of shipping. However, since there were ships plying between the West Coast and American Samoa during and after the war we think he could have gotten back to Samoa much sooner than he did, despite such shipping shortage. Mrs. Hunkin is a British subject and had difficulty in getting a passport. Mr. Hunkin was unwilling to leave her behind, so he stayed in the United States until she could get her passport. Then they both returned to Samoa as soon as passage could be arranged. At the request of Hunkin the hearing in this case was postponed from time to time in order that he might be present and participate.

Section 926 of the American Samoan Code reads as follows:

"MATAI PROVISIONS. Sec. 926. *Eligibility Requirements for Matai Title.*

234.

No person not having all the following qualifications shall be eligible to succeed to any Matai title.

(a) Must be at least three-quarters Samoan blood.

(b) Must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title.

(c) Must live with Samoans as a Samoan.

(d) Must be a descendant of a Samoan family and chosen by his family for the title.

(e) Must have been born on American soil, except . . ."

Mr. Hunkin was born in Tutuila in 1902. When he was five years old he went to Upolu, then a part of German Samoa, and remained there four or five years. He then returned to Tutuila for about seven years prior to his departure for Honolulu to go to school. He was in school for one year in Honolulu. On September 22, 1920 he enlisted in the U.S. Navy at Honolulu. He re-enlisted at various times. Sometimes there were short periods between enlistments. He served in the U.S. Navy twenty-five years. Six years of such service, 1926 to 1932, were in American Samoa. Mr. Hunkin left American Samoa in 1932 and did not return until April 2, 1947. At the most he has lived in American Samoa only 18 of his 45 years. He was not within the limits of American Samoa for a period of fifteen years preceding April 2, 1947.

In view of the requirement of Section 926(b) of the Code that a person to succeed to a title "must have resided continuously within the limits of American Samoa for five years either immediately preceding the vacancy of the title, or before he becomes eligible for the title" it is our opinion that Mr. Hunkin is not eligible to take the title Mailo. In view of conditions in American Samoa and the wording of the statute, it is our view that the statute requires an actual residence. Mr. Hunkin, having been absent from American Samoa for fifteen years preceding April 2, 1947, did not actually reside "continuously within the limits of Amer-

ican Samoa for five years . . . immediately preceding the vacancy of the title . . ." Mailo. It is not, however, necessary for the court to rule that actual residence was necessary. That Mr. Hunkin did not have a technical legal residence (without actual residence) within American Samoa during the five years immediately preceding the vacancy in the Mailo title is also clear.

Mr. Hunkin is a United States citizen through naturalization, having been naturalized by the United States District Court for the Southern District of New York on November 30, 1942. Mr. Hunkin's naturalization certificate is No. 5149670. His petition for naturalization was No. 432942. The body of his naturalization certificate reads in part as follows: "Be it known that Edward Hunkin then residing at Honolulu, Oahu, T.H., having petitioned to be admitted a citizen of the United States of America, . . ." If Mr. Hunkin was residing in Honolulu at the time he petitioned for naturalization and was outside the limits of American Samoa for fifteen years preceding April 2, 1947 it is obvious that he did not either actually or legally reside "continuously within the limits of American Samoa for five years . . . immediately preceding the vacancy of the title. . . ."

The law requires residence to be within the limits of American Samoa, not within the limits of the United States. Mr. Hunkin is not eligible to succeed to the title Mailo, not meeting the requirements of Sec. 926(b) of the Code as to continuous residence within the limits of American Samoa.

Pio is forty-five years of age. The evidence shows that he is a full blooded Samoan, is a descendant of a Samoan family and prior to the objection by Mr. Hunkin was chosen by his family for the title Mailo. He was born in Fagatogo, Tutuila. He has lived in American Samoa all of his life except from 1922 to 1930 when he attended Moamoa Col-

lege in Upolu, Western Samoa. He is a catechist. He meets all the requirements to succeed to a matai title, as prescribed in Sec. 926 of the Code.

Mr. Hunkin's counsel, Save, in effect asked the court to rule that Mr. Hunkin was eligible even though he did not meet the requirement as to five years continuous residence within the limits of American Samoa immediately preceding the vacancy in the Mailo title.

█ If the court were to so rule it would in substance be setting aside and ignoring a part of Sec. 926. That the court will not do. It will not repeal a law by judicial decision. Neither can the court read into a statute what is not there. This court has no legislative power. What the law shall be is for the legislative authority to determine. The court does not concern itself with the wisdom of a law. The court takes the law as it finds it. It ascertains the facts in a case and then applies the law to those facts and reaches its conclusion.

Pio and Mr. Hunkin are the only two candidates for the name Mailo. Since Mr. Hunkin does not meet all the requirements of Sec. 926 of the Code, the court cannot direct that he be registered as the Mailo. Pio is the only eligible candidate. Therefore, he is awarded the title.

The Registrar of Titles will be advised to record Pio as the holder of the matai name Mailo.

Costs of $25.00 are hereby assessed against Edward Hunkin, the same to be paid within 30 days.